IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER E. HAWKINS, <br> JOSEPH A. PULIZZI, <br> RAYMOND G. POZOIC JR., <br> CALVIN MOORE, <br> JAMES WALSH, <br> THOMAS P. HEASLEY, <br>     Plaintiffs <br><br> v. <br><br> PENNSYLVANIA BOARD OF <br> PROBATION AND PAROLE, *et al.*, <br>     Defendants | Civil No. 3:16-cv-160 <br><br> (Judge Mariani) |

## MEMORANDUM

Plaintiffs, Christopher E. Hawkins, Joseph A. Pulizzi, Raymond G. Pozoic, Jr., Calvin Moore, James Walsh, and Thomas P. Heasley, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs also filed motions for leave to proceed *in forma pauperis*. (Docs. 5, 7, 9, 11, 13, 17). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motions to proceed *in forma pauperis* will be granted, and Plaintiffs will be directed to file a properly supported amended complaint.

I. **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

Plaintiffs' claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

---

[1]  Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]  Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). See also Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, Plaintiffs indicate that they are on parole and have "willingly" agreed to participate in a repeat offender program. (Doc. 1, at 7). They allege that the

Defendants are not providing the proper programs, and they are being "'punished' not helped." (*Id.*). Additionally, the complaint alleges that, while housed at the Columbia County Prison as parole violators, Plaintiffs were subjected to cruel and unusual punishment, denied access to the courts, and denied freedom to practice their religion. (*Id.*). For relief, Plaintiffs seek damages, an injunction ending all programs pursuant to the contract between the Columbia County Prison and the Pennsylvania Board of Probation and Parole, and they request that the Court "fire and imprison the Defendants" if they continue violating their rights. (*Id.* at 2, 8).

Named as Defendants are the Pennsylvania Board of Probation and Parole, James L. Beard, Commissioner Chris Young, Commissioner Rich Ridgeway, Commissioner David Kovach, the Columbia County Prison Board, Sheriff Tim Chamberlain, Judge James, Warden William Campbell, Deputy Warden David Varano, C.O. McCabe, C.O. Rymen, C.O. Collins, Sergeant Hanks, C.O. Brown, C.O. Breisch, and C.O. Urich. (*Id.*). Plaintiffs subsequently filed a motion to dismiss and add Defendants. (Doc. 19). Defendants request that the Court terminate Lieutenant Boston[3], Sergeant Hanks, C.O. Breish, and C.O. Urich as parties to this action. (*Id.*). Defendants further request that the Court add the Pennsylvania Department of Corrections as a Defendant. (*Id.*).

Based on the following standards, the Court finds that Plaintiffs have failed to set

---

[3] Lieutenant Boston is not named as a Defendant in the complaint. *See* )Doc. 1).

forth proper claims against the Defendants.

### A. The Pennsylvania Board of Probation and Parole and the Columbia County Prison Board

The Pennsylvania Board of Probation and Parole and the Columbia County Prison Board are clearly not persons and may not be sued under § 1983. Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. See 42 U.S.C. § 1983. It is well-settled that "prisons and other correctional facilities are not 'persons' within the meaning of § 1983." *Ogden v. Huntingdon County*, 2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) (Conner, J.). Additionally, a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Accordingly, the Pennsylvania Board of Probation and Parole and the Columbia County Prison Board are not a "persons" within the meaning of § 1983 and are not suitable entities for a § 1983 claim. See *K.S.S. v. Montgomery County Bd. of Com'rs*, 871 F. Supp. 2d 389, 398 (E.D. Pa. 2012) ("It is well established that arms of local municipalities – such as county departments and agencies ... – do not maintain an existence independent from the municipality").

### B. Pennsylvania Department of Corrections

Next, the Court finds that any claims against the Pennsylvania Department of Corrections would be barred by the Eleventh Amendment. The Eleventh Amendment

provides that each state is a sovereign entity and a sovereign is not amenable to suit unless it consents. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity. Such immunity, . . . , may be lost in [only] one of two ways: (1) if the Commonwealth waived its immunity; or (2) if Congress abrogated the States' immunity pursuant to a valid exercise of its power." *Lavia v. Pennsylvania, Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (citations omitted). The Commonwealth of Pennsylvania has expressly withheld its consent to be sued, and Congress has not expressly abrogated this constitutional immunity. *See* Pa. Const. Stat. Ann., tit. 42, § 8521(b); *Lavia*, 224 F.3d at 195; *Williard v. Pennsylvania*, 1996 U.S. Dist. LEXIS 8407, 8420 (E.D. Pa. 1996) (stating it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens").

Thus, any claims against the Commonwealth of Pennsylvania Department of Corrections would be barred both by the Eleventh Amendment to the United States

Constitution and by cases construing the federal civil rights statute, 42 U.S.C. § 1983. Therefore, Plaintiffs' request to add the Pennsylvania Department of Corrections as a Defendant in this action will be denied.

C. <u>Individual Defendants</u>

Regarding the individually named Defendants, James L. Beard, Commissioner Chris Young, Commissioner Rich Ridgeway, Commissioner David Kovach, Sheriff Tim Chamberlain, Judge James, Warden William Campbell, Deputy Warden David Varano, C.O. McCabe, C.O. Rymen, C.O. Collins, Sergeant Hanks, C.O. Brown, C.O. Breisch, and C.O. Urich, the complaint is completely devoid of any factual allegations against these Defendants. *See* (Doc. 1). Indeed, the only Defendant named in the body of the complaint is brief reference to Defendant Rymen. (Doc. 1, at 5). A review of the complaint confirms that there are no specific assertions that any of these individuals had any personal involvement in the purported violations of Plaintiffs' constitutional rights. To the extent that Plaintiffs wish to name these individuals as Defendants, they are advised that the allegations must be supported by facts and must indicate the role each Defendant allegedly played in any constitutional violations. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992); *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

7

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, Plaintiffs will be granted the opportunity to file an amended complaint. Plaintiffs are strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

### III. Conclusion

Plaintiffs will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of Court.

Plaintiffs' motion (Doc. 19) to dismiss and add Defendants will be granted in part and denied in part. Plaintiffs' request to dismiss Defendants Sergeant Hanks, C.O. Breish and C.O. Urich will be granted. Plaintiffs' request to add the Pennsylvania Department of Corrections as a Defendant in this action will be denied.

An appropriate Order will issue.

Date: May 17, 2016

_____
Robert D. Mariani
United States District Judge